## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE HERNANDEZ | * |
| 10609 Dunkirk Drive | * |
| Silver Spring, Maryland 20902 | * |
| | * |
| And | * |
| | * |
| ANA MARIA MEJIA | * |
| 10609 Dunkirk Drive | * |
| Silver Spring, Maryland 20902 | * |
| | * |
| *On Behalf of Themselves and* | * |
| *All Other Similarly Situated Individuals* | * |
| | * |
| PLAINTIFFS | * |
| | * |
| v. | * |
| | * |
| ELITE FLORAL & PRODUCE, LLC | * |
| 3150 V Street, NE | * |
| Washington, DC 20018 | * |
| | * |
| Serve:  Corporate Services Company | * |
| 1100 New York Avenue, NW | * |
| W. Tower #500 | * |
| Washington, DC 20005 | * |
| | * |
| And | * |
| | * |
| EYAL BALVA | * |
| 3150 V Street, NE | * |
| Washington, DC 20018 | * |
| | * |
| And | * |
| | * |
| FLOWERS BY DANIEL, LLC | * |
| d/b/a FOREVER BLOSSOMS | * |
| 2003 Beaver Road | * |
| Landover, Maryland 20785 | * |
| | * |
| Serve:  Incorporating Services | * |
| of Maryland, LTD | * |
| 715 St. Paul Street | * |
| Baltimore, Maryland 21202 | * |

Case No.:

And                                          *
                                             *
UDI BALVA                                    *
19190 Colister Lake Lane                     *
Boca Raton, Florida 33498                    *
                                             *
    DEFENDANTS                               *
*******************************************************************************

## COMPLAINT

Plaintiffs Jose Hernandez ("Hernandez") and Ana Maria Mejia ("Mejia") (together, "Plaintiff"), by and through undersigned counsel, on behalf of themselves and all other similarly situated individuals, hereby submit their Complaint against Defendants Elite Floral & Produce, LLC ("Elite"), Eyal Balva ("E. Balva"), Flowers By Daniel, LLC d/b/a Forever Blossoms ("FBD"), and Udi Balva ("U. Balva") (collectively, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA") Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401 *et seq.* ("MWHL") the Family and Medical Leave Act, 29 U.S.C. § 2612, *et seq.* ("FMLA"), and the District of Columbia Family and Medical Leave Act, D.C. Code § 32-501, *et seq.* ("DCFMLA").

## PARTIES AND JURISDICTION

1.     Plaintiffs are adult residents of the State of Maryland.  By acting as named Plaintiffs herein, Plaintiffs hereby consent to participate as Plaintiffs in a collective action under the FLSA and DCMWA.

2.     Plaintiffs have filed their FLSA and DCMWA overtime claims against all of their "employers" while they performed work duties for FBD and, thereafter, for Elite.

3.      The FLSA and DCMWA define "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." *See Del Villar v. Flynn Architectural Finishes,* 664 F.Supp.2d 94, 96 (D.D.C. 2009) (Because the DCMWA and FLSA contain nearly identical provisions with respect to employers' liability, the DCMWA is to be construed consistently with the FLSA).

4.      Elite is a limited liability company that has since at least about February 2012 operated continuously and substantially in the District of Columbia and the State of Maryland.

5.      E. Balva is the primary owner and controlling member of Elite.  At all times from about February 2012 through the present, E. Balva has personally managed the day-to-day operations of Elite.  At all times from about February 2012 through the present, E. Balva has supervised and managed Plaintiffs and made all decisions related the rate and method of pay for all employees working for Elite, including whether to pay overtime at the required legal rate.

6.      FBD is a limited liability company that, from at least 2007 through about March 2012, operated continuously and substantially under the trade name "Flowers By Daniel" in the State of Maryland and in the District of Columbia.

7.      U. Balva was the primary owner and controlling member of FBD.  At all times from at least 2007 through about March 2012, U. Balva personally managed the day-to-day operations of FBD.  At all times from at least 2007 trhough about March 2012, U. Balva supervised and managed Plaintiffs and made all decisions related to the rate and method of pay for all employees working for FBD, including whether to pay overtime at the required legal rate.

8.      At all times during Plaintiffs' employment, all Defendants sold flowers and related floral goods that originated and otherwise traveled outside of the Washington, D.C., Maryland, and the United States and thus all Defendants were engaged in commerce or in the

production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

9.     On information and belief, each year during Plaintiffs' employment, Defendants' gross revenue exceeded $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

10.     At all times during Plaintiff's employment with Defendants, each Plaintiff was an individual employee who, while engaged in their employment duties, handled, sold, and otherwise worked on goods and materials (namely flowers and floral products products) that were moved in or produced for commerce thus each Plaintiff was an individual employee who was engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

11.     At various times during Plaintiffs' employment period, all four (4) Defendants were Plaintiffs' "employers" for purposes of the FLSA, DCMWA, and MWHL and Elite was Plaintiffs' employer under the FMLA and DCFMLA.

12.     This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."   Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

13.     Hernandez was employed by FBD and U. Balva, primarily in the State of Maryland and also in the District of Columbia, from about March 14, 2007 through about February 2012.

4

14.     Mejia was employed by FBD and U. Balva, primarily in the State of Maryland and also in the District of Columbia, from about September 20, 2009 through about February 2012.

15.     Hernandez was employed by Elite and E. Balva, primarily in the District of Columbia and also in the State of Maryland, from about February 2012 through about July 9, 2013.

16.     Mejia was employed by Elite and E. Balva, primarily in the District of Columbia and also in the State of Maryland, from about February 2012 through about June 28, 2013.

17.     At all times throughout Plaintiffs' employment, all Defendants paid Plaintiffs as non-exempt "hourly" employees.

18.     At all times, Hernandez regularly and customarily worked about seventy (70) or many more hours per week.

19.     At all times, Mejia regularly and customarily worked about sixty-five (65) or many more hours per week.

20.     At all times during Plaintiffs' employment, all Defendants paid Plaintiffs straight pay, at Plaintiffs' regular hourly rate for all hours worked each week including overtime hours worked each week in excess of forty (40).

21.     At no time during Plaintiffs' employment did any of the Defendants pay any Plaintiff at the rate of one-and-one-half (1½) times their regular rate of pay for overtime hours worked each week in excess of forty (40).

22.     At no time during Plaintiffs' employment with Defendants did Plaintiffs perform work duties that would make them exempt from the overtime compensation requirement of the FLSA, DCMWA, and MWHL.

5

## COLLECTIVE ACTION ALLEGATIONS

23.     Plaintiffs are pursuing this action as an FLSA and DCMWA collective action on behalf

of themselves and all other similarly situated individuals who performed work duties for all of the

Defendants and were not paid overtime wages by the Defendants for hours worked each week in excess

of forty (40) as required by the FLSA and DCMWA.

24.     The essence of this entire collective action case is that the Plaintiffs and other similarly

situated individuals were not paid overtime wages at the rate of one-and-one half (1½) times their

regular rate of pay for hours worked in excess of forty (40) in compliance with the overtime

compensation requirements of Federal and District of Columbia law.

25.     Common to the claims of Plaintiffs and all class members is that each individual received

overtime compensation from Defendants at a rate less than what is required by Federal and District of

Columbia Law.

26.     In the present case, the class members that performed work duties for each of the

Defendants are substantially similar because a substantial majority of the employees that were employed

by FBD and U. Balva became employed to perform substantially similar non-exempt work duties by and

for Elite and E. Balva in or around February 2012.

27.     In the present case, the number of class members is believed to exceed forty (40) current

and former employees of Defendants.

28.     All class members are readily identifiable from information and records, on information

and belief, in the possession and control of the Defendants.

29.     Plaintiffs are aware of other current and former employees of Defendants who are

similarly situated in that they: (1) worked many hours of overtime for Defendants; (2) were not

paid for overtime hours as prescribed by Federal and District of Columbia Law; and (3) did not

perform work which would qualify them as exempt from the overtime requirements of Federal and District of Columbia Law.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

30.     Plaintiffs re-allege and reassert each and every allegation set forth in Paragraphs 1-29 above, as if each were set forth herein.

31.     The FLSA mandates that an employer must pay employees overtime wages in the amount of the rate of_ one-and-one-half (1½) times the employee's regular rate of pay for all overtime hours worked each week in excess of forty (40).

32.     Plaintiffs were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1), and, at various times, all four (4) Defendants were Plaintiffs' "employers" under FLSA, 29 U.S.C. § 207(a)(2).

33.     Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half (1½) times Plaintiffs' regular rate of pay for all hours worked per week in excess of forty (40).

34.     As set forth above, while in Defendants' employ, Plaintiffs worked many overtime hours each week in excess of forty (40).

35.     As set forth above, Defendants failed and refused to compensate Plaintiffs properly, and as required by the FLSA, for all overtime hours worked each week in excess of forty (40).

36.     Defendants' failure and refusal to pay Plaintiffs as required by the FLSA was willful and intentional, and was not in good faith.

7

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs and all other similarly situated individuals under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

37.     Plaintiffs re-allege and reassert each and every allegation set forth in Paragraphs 1-36 above, as if each were set forth herein.

38.     Plaintiffs were "employees" and, at various times, all four (4) Defendants were Plaintiffs' "employers" under the DCMWA, D.C. Code §§ 32-1001 *et seq.*

39.     Defendants, as Plaintiffs' employers under the DCMWA, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40).

40.     As set forth above, while in Defendants' employ, Plaintiffs worked many overtime hours each week in excess of forty (40).

41.     As set forth above, Defendants failed and refused to compensate Plaintiffs properly, and as required by the DCMWA, for all overtime hours worked each week in excess of forty (40).

42.     Defendants' failure and refusal to pay Plaintiffs as required by the DCMWA was willful and intentional, and was not in good faith.

8

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs and all other similarly situated individuals under Count II, for all unpaid overtime wages in such an amount to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

**COUNT III**
**Violation of the Maryland Wage Hour Law**
**(Overtime)**

43.     Plaintiffs re-allege and reassert each and every allegation set forth in Paragraphs 1-42 above, as if each were set forth herein.

44.     Plaintiffs were "employees" and, at various times, all four (4) Defendants were Plaintiffs' "employers" under the MWHL.

45.     Pursuant to the MWHL, Defendants, as Plaintiffs' employers, were obligated to pay Plaintiffs at the rate of one-and-one half (1½) times Plaintiffs' regular rate of pay for each overtime hour worked each week in excess of forty (40).

46.     As set forth above, Defendants refused to pay Plaintiffs overtime wages as required by the MWHL for a substantial number of overtime hours worked each week.

47.     Defendants' failure to pay Plaintiffs as required by the MWHL for overtime hours worked was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs under Count III for all unpaid overtime wages in such amounts as are proven at trial, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT IV
### Violation of the FMLA (Interference Claim)

48.   Plaintiffs re-assert and re-allege each and every allegation set forth in paragraphs 1 though 47 with the same effect as if set forth herein.

49.   In about June 2013, Mejia requested from Elite to take leave so as to allow her to care for her sick daughter for a period of two (2) days.

50.   To Mejia's request to attend to the medical needs of her daughter, Elite refused the two (2) day requested leave.

51.   Thereafter, Mejia requested one (1) day of leave to take her daughter to the doctor to attend to her daughter's medical condition.

52.   On about June 28, 2013, Mejia returned from her one (1) day leave with a doctor's note so as to document and proof the necessity of the requested leave.

53.   Immediately upon Mejia's return to work, on about June 28, 2013, Elite terminated Mejia's employment.

54.   The basis for Elite's termination of Mejia's employment was to interfere or otherwise retaliate against Mejia for requesting a two (2) and later only one (1) day of medical leave.

55.   At all times relevant, Elite had knowledge that Plaintiff's short requested leave period allowed her to return to her employment before the expiration of her FMLA leave period.

56.   Elite terminated Mejia's employment because Mejia exercised her right to take FMLA leave.

57.   Defendant's termination of Mejia's employment violated the FMLA by interfering with Mejia's exercise of her rights under the FMLA.

58.     Elite's action have caused Mejia to suffer substantial damages including, but not limited to, lost of wages and mental and emotional anguish.

WHEREFORE, Mejia respectfully prays this Honorable Court:

(a)     Grant Judgment for Mejia against Elite on her claim of violation of the FMLA;

(b)     Order Elite to pay Mejia back and front pay in amounts to be determined at trial and liquidated damages in an equal amount;

(c)     Compel Elite return Mejia to her previous employment;

(d)     Order Elite to pay Mejia's reasonable attorney's fees, and costs; and

(e)     Order any other further relief the Court deems proper.

## COUNT V
### Violation of the FMLA (Retaliation Claim)

59.     Plaintiffs re-assert and re-allege each and every allegation set forth in paragraphs 1 though 58 of this Complaint with the same effect as if set forth herein.

60.     Mejia's daughter suffered from a serious health condition that caused Mejia to exercise her right to attempt to take leave under the FMLA to permit her to attend to and care for her daughter's serious health condition.

61.     As a result of Mejia requesting a short two (2) and later (1) day FMLA leave period, Elite retaliated against Mejia by terminating her employment.

62.     Elite's termination of Mejia's employment violated of her rights under the FMLA and has caused Mejia to suffer substantial damages including, but not limited to, lost wages and mental and emotional anguish.

WHEREFORE, Mejia respectfully prays this Honorable Court:

(a)     Grant Judgment for Mejia against Elite for violation of the FLMA as set forth in Count V;

11

(b)      Order Elite to pay Mejia back and front pay in amounts to be determined at trial and liquidated damages in an equal amount;

(c)      Compel Elite to return Mejia to her previous employment;

(d)      Order Elite to pay Mejia's reasonable attorney's fees, and costs; and

(e)      Order any other further relief the Court deems proper.

**COUNT VI**
**Violation of the DCFMLA (Interference Claim)**

63.      Plaintiffs re-assert and re-allege each and every allegation set forth in paragraphs 1 though 62 with the same effect as if set forth herein.

64.      In about June 2013, Mejia requested from Elite to take leave so as to allow her to care for her sick daughter for a period of two (2) days.

65.      To Mejia's request to attend to the medical needs of her daughter, Elite refused the two (2) day requested leave.

66.      Thereafter, Mejia requested one (1) day of leave to take her daughter to the doctor to attend to her daughter's medical condition.

67.      On about June 28, 2013, Mejia returned from her one (1) day leave with a doctor's note so as to document and proof the necessity of the requested leave.

68.      Immediately upon Mejia's return to work, on about June 28, 2013, Elite terminated Mejia's employment.

69.      The basis for Elite's termination of Mejia's employment was to interfere or otherwise retaliate against Mejia for requesting a two (2) and later only one (1) day of medical leave.

12

70.     At all times relevant, Elite had knowledge that Plaintiff's short requested leave period allowed her to return to her employment before the expiration of her DCFMLA leave period.

71.     Elite terminated Mejia's employment because Mejia exercised her right to take DCFMLA leave.

72.     Defendant's termination of Mejia's employment violated the DCFMLA by interfering with Mejia's exercise of her rights under the DCFMLA.

73.     Elite's action have caused Mejia to suffer substantial damages including, but not limited to, lost of wages and mental and emotional anguish.

WHEREFORE, Mejia respectfully prays this Honorable Court:

(a)     Grant Judgment for Mejia against Elite on her claim of violation of the DCFMLA;

(b)     Order Elite to pay Mejia back and front pay in amounts to be determined at trial and liquidated damages in an equal amount;

(c)     Compel Elite return Mejia to her previous employment;

(d)     Order Elite to pay Mejia's reasonable attorney's fees, and costs; and

(e)     Order any other further relief the Court deems proper.

## COUNT VII
### Violation of the DCFMLA (Retaliation Claim)

74.     Plaintiffs re-assert and re-allege each and every allegation set forth in paragraphs 1 though 73 of this Complaint with the same effect as if set forth herein.

75.     Mejia's daughter suffered from a serious health condition that caused Mejia to exercise her right to attempt to take leave under the DCFMLA to permit her to attend to and care for her daughter's serious health condition.

13

76.     As a result of Mejia requesting a short two (2) and later (1) day DCFMLA leave period, Elite retaliated against Mejia by terminating her employment.

77.     Elite's termination of Mejia's employment violated of her rights under the DCFMLA and has caused Mejia to suffer substantial damages including lost wages and mental and emotional anguish.

WHEREFORE, Mejia respectfully prays this Honorable Court:

(a)     Grant Judgment for Mejia against Elite for violation of the DCFLMA as set forth in Count VII;

(b)     Order Elite to pay Mejia back and front pay in amounts to be determined at trial and liquidated damages in an equal amount;

(c)     Compel Elite to return Mejia to her previous employment;

(d)     Order Elite to pay Mejia's reasonable attorney's fees, and costs; and

(e)     Order any other further relief the Court deems proper.

Respectfully submitted,

Gregg C. Greenberg, Bar No. 79610
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
(301) 587-9397 (fax)
Email: ggreenberg@zipinlaw.com

*Counsel for Plaintiffs*

14