## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE HERNANDEZ | * |
| | * |
| And | * |
| | * |
| ANA MARIA MEJIA | * |
| | * |
| And | * |
| | * |
| SONIA VASQUEZ | * |
| 4225 29th Street | * |
| Mt. Rainer, Maryland 20712 | * |
| | * |
| *On Behalf of Themselves and* | * |
| *All Other Similarly Situated Individuals* | * |
| | * |
| PLAINTIFFS | * |
| | * |
| v. | *     Case No.:  1:13-cv-1095-CRC |
| | * |
| FLOWERS BY DANIEL, LLC | * |
| d/b/a FOREVER BLOSSOMS | * |
| 2003 Beaver Road | * |
| Landover, Maryland 20785 | * |
| | * |
| Serve:  Incorporating Services | * |
| of Maryland, LTD | * |
| 715 St. Paul Street | * |
| Baltimore, Maryland 21202 | * |
| And | * |
| | * |
| UDI BALVA | * |
| 19190 Colister Lake Lane | * |
| Boca Raton, Florida 33498 | * |
| | * |
| DEFENDANTS | * |

*************************************************************************

### FIRST AMENDED COMPLAINT

Plaintiffs Jose Hernandez ("Hernandez"), Ana Maria Mejia ("Mejia"), and Sonia

Vasquez ("Vasquez") (together, "Plaintiff"), by and through undersigned counsel, on behalf of

themselves and all other similarly situated individuals, hereby submit their First Amended

Complaint against Defendants Flowers By Daniel, LLC d/b/a Forever Blossoms ("FBD"), and

Udi Balva ("U. Balva") (collectively, "Defendants") to recover damages under the Federal Fair

Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), the D.C.

Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq*. ("DCMWA"), and the

Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§

3-401 *et seq*. ("MWHL").

## PARTIES AND JURISDICTION

1.      Plaintiffs are adult residents of the State of Maryland.  By acting as named

Plaintiffs herein, Plaintiffs hereby consent to participate as Plaintiffs in a collective action under

the FLSA and DCMWA.

2.      FBD is a limited liability company that, from at least 2007 through about March

2012, operated continuously and substantially under the trade names "Flowers By Daniel" and

"Forever Blossoms" in the State of Maryland and in the District of Columbia.

3.      U. Balva was the primary owner and controlling member of FBD.

4.      At all times from at least 2007 through about March 2012, U. Balva personally

managed the day-to-day operations of FBD.

5.      At all times from at least 2007 through about March 2012, U. Balva supervised

and managed Plaintiffs and made all decisions related to the rate and method of pay for all

employees working for FBD, including whether to pay overtime at the required legal rate.

6.      At all times during Plaintiffs' employment, Defendants sold flowers and related

floral goods that originated and otherwise traveled outside of the Washington, D.C., Maryland,

and the United States and thus Defendants were engaged in commerce or in the production of

goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

7.     On information and belief, each year during Plaintiffs' employment, Defendants' gross revenue exceeded $500,000.00.

8.     Defendants qualify as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

9.     At all times during Plaintiffs' employment with Defendants, each Plaintiff was an individual employee who, while engaged in their employment duties, handled, sold, and otherwise worked on goods and materials (namely flowers and floral products products) that were moved in or produced for commerce.

10.     Each Plaintiff was an individual employee who was engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

11.     During Plaintiffs' employment period, both Defendants were Plaintiffs' "employers" for purposes of the FLSA, DCMWA, and MWHL.

12.     This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."  Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

13.     Hernandez was employed by FBD and U. Balva, primarily in the State of Maryland and also in the District of Columbia, from about March 14, 2007 through about February 2012.

14.     Mejia was employed by FBD and U. Balva, primarily in the State of Maryland and also in the District of Columbia, from about September 20, 2009 through about February 2012.

3

15.     Vasquez was employed by FBD and U. Balva, primarily in the District of Columbia and also in the State of Maryland, primarily in the State of Maryland and also in the District of Columbia, from about February 21, 2010 through about February 2012.

16.     At all times throughout Plaintiffs' employment, Defendants paid Plaintiffs as non-exempt "hourly" employees.

17.     While in Defendants' employ, Plaintiffs' exact hours varied from work week to work week.

18.     While in Defendants' employ, Plaintiffs regularly worked more than forty (40) hours per week.

19.     While in Defendants' employ, Plaintiffs regularly worked more than fifty (50) hours per week.

20.     While in Defendants' employ, Plaintiffs regularly worked more than sixty (60) hours per week.

21.     At all times during Plaintiffs' employment, Defendants paid Plaintiffs straight pay, at Plaintiffs' regular hourly rate, for all hours worked each week including overtime hours worked each week in excess of forty (40).

22.     At no time during Plaintiffs' employment did Defendants pay Plaintiffs at the rate of one-and-one-half (1½) times their regular rate of pay for overtime hours worked each week in excess of forty (40).

23.     At no time during Plaintiffs' employment with Defendants did Plaintiffs perform work duties that would make them exempt from the overtime compensation requirement of the FLSA, DCMWA, and MWHL.

## COLLECTIVE ACTION ALLEGATIONS

24.     Plaintiffs are pursuing this action as an FLSA and DCMWA collective action on behalf of themselves and all other similarly situated individuals who performed work duties for Defendants and were not paid overtime wages by Defendants for hours worked each week in excess of forty (40) as required by the FLSA and DCMWA.

25.     The essence of this entire collective action case is that the Plaintiffs and other similarly situated individuals were not paid overtime wages at the rate of one-and-one half (1½) times their regular rate of pay for hours worked in excess of forty (40) in compliance with the overtime compensation requirements of Federal and District of Columbia law.

26.     Common to the claims of Plaintiffs and all class members is that each individual received overtime compensation from Defendants at a rate less than what is required by Federal and District of Columbia Law.

27.     In the present case, the number of class members is believed to exceed forty (40) individuals.

28.     All class members are readily identifiable from information and records, on information and belief, in Defendants' possession and control.

29.     Plaintiffs are aware of other former employees of Defendants who are similarly situated in that they: (1) worked many hours of overtime for Defendants; (2) were not paid for overtime hours as prescribed by Federal and District of Columbia Law; and (3) did not perform work which would qualify them as exempt from the overtime requirements of Federal and District of Columbia Law.

## CAUSES OF ACTION

## COUNT I
**Violation of Federal Fair Labor Standards Act**
**(Overtime)**

30.     Plaintiffs re-allege and reassert each and every allegation set forth in Paragraphs 1-29 above, as if each were set forth herein.

31.     The FLSA mandates that an employer must pay employees overtime wages in the amount of the rate of one-and-one-half (1½) times the employee's regular rate of pay for all overtime hours worked each week in excess of forty (40).

32.     Plaintiffs were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1), and both Defendants were Plaintiffs' "employers" under FLSA, 29 U.S.C. § 207(a)(2).

33.     Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half (1½) times Plaintiffs' regular rate of pay for all hours worked per week in excess of forty (40).

34.     As set forth above, while in Defendants' employ, Plaintiffs worked many overtime hours each week in excess of forty (40).

35.     As set forth above, Defendants failed and refused to compensate Plaintiffs properly, and as required by the FLSA, for all overtime hours worked each week in excess of forty (40).

36.     Defendants' failure and refusal to pay Plaintiffs as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs and all other similarly situated individuals under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-

6

judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

37.     Plaintiffs re-allege and reassert each and every allegation set forth in Paragraphs 1-36 above, as if each were set forth herein.

38.     Plaintiffs were "employees" and Defendants were Plaintiffs' "employers" under the DCMWA, D.C. Code §§ 32-1001 *et seq.*

39.     Defendants, as Plaintiffs' employers under the DCMWA, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half (1½) times Plaintiffs' regular rate of pay for all hours worked per week in excess of forty (40).

40.     As set forth above, while in Defendants' employ, Plaintiffs worked many overtime hours each week in excess of forty (40).

41.     As set forth above, Defendants failed and refused to compensate Plaintiffs properly, and as required by the DCMWA, for all overtime hours worked each week in excess of forty (40).

42.     Defendants' failure and refusal to pay Plaintiffs as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs and all other similarly situated individuals under Count II, for all unpaid overtime wages in such an amount to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

<u>COUNT III</u>
**Violation of the Maryland Wage Hour Law**
**(Overtime)**

43.     Plaintiffs re-allege and reassert each and every allegation set forth in Paragraphs

1-42 above, as if each were set forth herein.

44.     Plaintiffs were "employees" and Defendants were Plaintiffs' "employers" under

the MWHL.

45.     Pursuant to the MWHL, Defendants, as Plaintiffs' employers, were obligated to

pay Plaintiffs at the rate of one-and-one half (1½) times Plaintiffs' regular rate of pay for each

overtime hour worked each week in excess of forty (40).

46.     As set forth above, Defendants refused to pay Plaintiffs overtime wages as

required by the MWHL for a substantial number of overtime hours worked each week.

47.     Defendants' failure to pay Plaintiffs as required by the MWHL for overtime hours

worked was willful and intentional, and was not in good faith.

        WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs under Count III

for all unpaid overtime wages in such amounts as are proven at trial, interest (both pre- and post-

judgment), reasonable attorney's fees, the costs of this action, and any other and further relief

this Court deems appropriate.

                                    Respectfully submitted,

                                    _____/s/_ Gregg C. Greenberg_____
                                    Gregg C. Greenberg, Bar No. MD17291
                                    Zipin, Amster & Greenberg, LLC
                                    836 Bonifant Street
                                    Silver Spring, Maryland 20910
                                    (301) 587-9373 (ph)
                                    (301) 587-9397 (fax)
                                    Email: ggreenberg@zagfirm.com

                                    *Counsel for Plaintiffs*